L PEATROSS,
J. dissenting.
I respectfully dissent. The OWC characterized the Allison’s support arrangement as an “in kind support”[1] situation *503 and accepted this arrangement as proof of the dependence of Lance Allison on the theory that each parent was in reality providing half of the support due to each child. The majority holds that proof of this arrangement referred to as “in kind support” alone is proof of dependency for purposes of workers’ compensation death benefits. I disagree.
It is correct that the contribution required by the statute is not qualified or limited to a monetary contribution. Silk v. Silk, 29,107,(La.App. 2d Cir. 1/24/97), 691 So.2d 97, on rehearing (La.App. 2d Cir. 4/2/97), 691 So. 2d 97, writ denied, 97-1185 (La. 6/20/97), 695 So.2d 1361. In Silk, the surviving child was held to be actually dependant on the deceased father where the parents were not living together, but were not divorced at the time of the father’s untimely death and were attempting reconciliation. Significantly, in Silk, there was evidence of some actual contributions made by the decedent in the year preceding his death to the wife and child in the form of food and butane gas with which the food was cooked. By contrast, in the case sub judice, the Allisons were divorced approximately two years before Robby’s death and the judgment of divorce between the Allisons ^explicitly provided that Robby had no obligation to pay any child support to the mother. This collateral judgment is relevant in this proceeding and, while not conclusive on the question of dependency, it tends to establish that Robby had no actual support obligation toward Lance. In addition, the parties admitted that Robby actually paid no support to Lance or his mother for the two years preceding his death. The record shows that Shannon was completely dependent upon Robby and Lance was completely dependent upon his mother. The fact that some other arrangement might have been made under different circumstances does not satisfy the requirement of the statute that the child prove his actual dependence upon the deceased worker.
Accordingly, I would reverse the judgment of the trial court and render judgment declaring Shannon Ray Allison, through her tutrix Melissa Forsythe, entitled to compensation benefits of 32^ percent of Robby Allison’s average weekly wage, or $117 per week. La. R.S. 23:1232(4).
APPLICATION FOR REHEARING
Before STEWART, GASKINS, CARAWAY, PEATROSS, and LOLLEY, JJ.
Rehearing denied.
GASKINS and PEATROSS, JJ., would grant rehearing.

. There is no definition of "in kind support” in the OWC’s judgment. Black’s Law Dictionary defines "in kind” as follows:
Of the same species or category. In the same kind, class, or genus. A loan is returned "in kind” when not the identical *503 article, but one corresponding and equivalent to it, is given to the lender. (Emphasis added.)
Blacks Law Dictionary, sixth ed. (1990). In this case, there is no evidence of any correlation between the support provided to Shannon Ray Allison by Robby and the support provided to Lance Allison by his mother in terms of the amount of support provided for each child, the type or kind of support or the time periods when support was to be provided for each child.